E-FILED
Thursday, 29 October, 2026 11:58:36 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | Case No. 4:19-cr-40039-SLD-6 |
| MARKEISE ROMEL STREETER, Defendant. | ) | |

ORDER

Before the Court are Defendant Markeise Romel Streeter's *pro se* motion for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, ECF No. 223, sealed Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 ("Counseled 821 Motion"), ECF No. 254, and the Government's Motion to File Under Seal, ECF No. 260. For the reasons that follow, the Motion to File Under Seal is GRANTED, the Counseled 821 Motion is DENIED, and the *pro se* motion is MOOT.

**BACKGROUND**

Streeter was charged with one count of conspiracy to distribute at least one kilogram of a mixture or substance containing heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 1); one count of distribution of heroin in violation of § 841(a)(1) and 841(b)(1)(C) (Count 5); one count of possession of heroin with intent to distribute in violation of § 841(a)(1) and (b)(1)(C) (Count 6); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 8). *See generally* Second Superseding Indictment, ECF No. 77. In October 2020, Streeter pleaded guilty to Counts 1, 6, and 8 pursuant to a written plea agreement. Plea Agreement 2, ECF No. 123.

The Court adopted the Revised Presentence Investigation Report ("PSR"), ECF No. 135, to which there were no objections. *See* Statement of Reasons, ECF No. 188. Counts 1 and 6 were grouped under the Sentencing Guidelines. PSR ¶ 79. The base offense level was 32 because the offense involved at least 3 but less than 10 kilograms of heroin. *Id.* ¶ 80. That level was reduced by three for acceptance of responsibility, so Streeter's total offense level for Counts 1 and 6 was 29. *Id.* ¶¶ 87–89. Streeter's criminal history score was four, putting him in criminal history category III. PSR ¶ 95.

A total offense level of 29 and a criminal history category of III resulted in a range of 108 to 135 months for imprisonment under the Sentencing Guidelines. *See* U.S. Sent'g Guidelines Manual Ch. 5 Pt. A (U.S. Sent'g Comm'n 2018). Streeter faced a statutory mandatory minimum term of imprisonment of 10 years for Count 1, so the PSR listed the Guidelines range for imprisonment on Count 1 as 120 to 135 months. *See* PSR ¶¶ 139, 141; 21 U.S.C. § 841(b)(1)(A).[1] Count 8 mandated a five-year term of imprisonment to be served consecutive to the sentences on any other counts. *Id.* ¶¶ 139, 141; 18 U.S.C. § 924(c)(1)(A).

The Government made a motion under 18 U.S.C. § 3553(e). The Court granted Streeter a twenty-percent reduction from the ten-year mandatory minimum and the five-year mandatory minimum, resulting in a 96-month term of imprisonment on Counts 1 and 6 and a consecutive 48-month term of imprisonment on Count 8. *See* Statement of Reasons 3; Judgment 1–3, ECF No. 186. Count 5 was dismissed at sentencing. Jan. 20, 2022 Min. Entry.

[1] The PSR listed the Guidelines range for imprisonment on Count 6 as 108 to 135 months, *see* PSR ¶ 141, but it likely should have been 120 to 135 months too. *See* U.S. Sent'g Guidelines Manual § 5G1.2 n.3(B) ("[W]here a statutorily required minimum sentence on any count is greater than the minimum of the applicable guideline range, the guideline range for all counts is restricted by that statutorily required minimum sentence.").

Streeter now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), arguing that his Sentencing Guidelines range was lowered by Amendment 821 to the Sentencing Guidelines. The Government opposes the motion.

## DISCUSSION

### I. Legal Standard

Under 18 U.S.C. § 3582(c)(2), a district court "may reduce a [defendant's] term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable" if that "defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has described § 3582(c)(2) as imposing a two-step inquiry: first, the court "follow[s] the [Sentencing] Commission's instructions in § 1B1.10 [of the Sentencing Guidelines, the policy statement applicable to § 3582(c)(2) motions,] to determine the [defendant's] eligibility for a sentence modification and the extent of the reduction authorized"; and second, if a reduction is authorized, the court "considers any applicable § 3553(a) factors and determine[s] whether, in its discretion" to reduce the defendant's sentence. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

At step one, the court must "determine the amended guideline range that would have been applicable to the defendant if the [relevant amendment to the Guidelines] had been in effect at the time the defendant was sentenced." U.S. Sent'g Guideline Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2024). The court can only consider the effect of the relevant amendment; all other Guidelines determinations remain the same. *Id.* The policy statement also provides, however, that if the defendant was subject to a mandatory minimum term of imprisonment but

the court was authorized to impose a sentence below that minimum pursuant to motion under 18 U.S.C. § 3553(e), "then . . . the amended guideline range shall be determined without regard to the operation of" provisions which restrict the Guidelines range based on the mandatory minimum. *Id.* § 1B1.10(c).

## II. Analysis

Streeter argues that he is eligible for a sentence reduction under § 3582(c)(2) because Amendment 821—to the extent it eliminated criminal history category points assessed for committing the instant offense while under a criminal justice sentence for some defendants, U.S. Sent'g Guidelines Manual supp. app. C at 233—lowers his Guidelines range. *See* Mot. Reduced Sentence 6. While the Government concedes that Streeter would not receive such points if sentenced today, it argues that Streeter is ineligible for relief because Amendment 821 does not lower his Guidelines range and because "[h]is sentence was not 'based on'" the Sentencing Guidelines. *See* Resp. 6–7, ECF No. 261.

### A. Whether Streeter's Sentence was "Based on" his Guidelines Range

As it is a threshold question, the Court first addresses whether Streeter's sentence was based on the Guidelines range calculated in his case. A sentence is "based on" the Guidelines range if the range "was a relevant part of the framework the judge used to . . . determine the sentence." *Hughes v. United States*, 584 U.S. 675, 690 (2018). The Government argues that Streeter's "sentence was not 'based on' the initially calculated range of 108-135[ months], which would have been the range absent the mandatory minimum" because the "Court discarded that range . . . making 120 the bottom of the range." Resp. 8. This argument is based on *Koons v. United States*, 584 U.S. 700, 705 (2018), in which the Supreme Court held that a defendant's sentence is not based on the Guidelines range when the statutory mandatory minimum sentence

is greater than the maximum of the Guidelines range. The Supreme Court explained that, in the situation where the top end of the Guidelines range is lower than mandatory minimum, the court "scrap[s] the range[] in favor of the mandatory minimums and never consider[s] the range[] again." *Id.*

This situation in this case is slightly different than in *Koons* because the originally calculated Guidelines range was not entirely below the statutory minimum. Instead, the range started below the minimum and ended above the minimum. The range then became restricted—the bottom end of the range was the statutory minimum (120 months) and the top end of the range remained 135 months. This is not a case where the Sentencing Guidelines themselves instruct the Court to entirely disregard or "scrap" the Guidelines range. *Compare* U.S. Sent'g Guidelines § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be *the guideline sentence*." (emphasis added)), *with id.* § 5G1.1(c)(2) (in cases where there is a statutory minimum but § 5G1.1(b) does not apply, "the sentence may be imposed at any point within the applicable guideline range, provided that the sentence is not less than any statutorily required minimum sentence"). Thus, the mere fact that there was a statutory minimum in this case does not suggest to the Court that Streeter was not sentenced based on his applicable Guidelines range.

Instead, the Court would need to review the transcript of the sentencing hearing to determine whether the Guidelines range played a part in Streeter's sentence or if it was driven entirely by the mandatory minimum. *Cf. Koons*, 584 U.S. at 703 (finding relevant that the district court in each of the petitioners' cases "concluded that the mandatory minimum superseded the Guidelines range" and "discarded the advisory ranges in favor of the mandatory

minimum sentences"). The Court will not marshal evidence the parties could have provided and make arguments for them. For purposes of this order, the Court assumes that Streeter's sentence was based on his Guidelines range.

### B. Whether Streeter's Guideline Range was Lowered

Assuming that Streeter's sentence was based on his Guidelines range, the Court must then consider whether that range was lowered by the Sentencing Commission. Streeter's Guidelines range on Counts 1 and 6 would have been 108 to 135 months, but because of the statutory mandatory minimum on Count 1, his Guidelines range was restricted to 120 to 135 months. *See* PSR ¶ 141. If Streeter were sentenced after Amendment 821, he would have only two criminal history points, and therefore he would be in criminal history category II, and his Guidelines range would be 97 to 121 months. *See* U.S. Sent'g Guidelines Manual ch. 5 pt. A. However, because of his statutory mandatory minimum, his Guidelines range would be restricted to 120 to 121 months.

The Government argues that because the low-end of the Guidelines range did not change, the Guidelines range was not lowered. Resp. 10. The Government fails to mention § 1B1.10(c), which provides that in a situation like Streeter's where the defendant was sentenced below the statutory minimum due to a motion under 18 U.S.C. § 3553(e), "the amended guideline range [is to] be determined without regard to application of § 5G1.1 . . . and § 5G1.2." Under § 1B1.10(c), Streeter's Guidelines range was "lowered" because the amended Guideline range is 97 to 121 months.[2] Even not considering § 1B1.10(c), there is some support for the notion that a

[2] The Government primarily cites cases that pre-date the current § 1B1.10(c), which became effective November 1, 2014, Amendment 780, U.S. Sent'g Guidelines Manual Supp. app. C. *See* Resp. 6 (citing cases from 2008, 2009, 2010, and 2014). The one case it cites from 2025, *United States v. Olmeda*, No. 14-cr-03106-04MDH, 2025 WL 644282 (W.D. Mo. Feb. 27, 2025), did not involve a defendant sentenced below a mandatory minimum due to substantial assistance.

lowered high-end of the Guidelines range means that the range has lowered. *See United States v. Hargrove*, 732 F.3d 1253, 1255 (11th Cir. 2013) (holding that the defendant's applicable guideline range was lowered when an amendment "reduc[ed] the high-end from 125 to 120 months"); *United States v. Hayes*, No. 3:18-CR-30063-NJR-14, 2024 WL 1603780, at *2 (S.D. Ill. Apr. 12, 2024). *But see United States v. Derry*, 824 F.3d 299, 306 (2nd Cir. 2016) (noting that the Second Circuit had found a defendant ineligible for a sentence reduction "when the amendment at issue generated a guideline range of 120 months, as opposed to the initial range of 120 to 134 months").

### C. Whether a Sentence Reduction is Appropriate

Although Streeter may be *eligible* for a sentence reduction under § 1B1.10, the Court finds that any reduction would be inappropriate. The "overarching purpose of § 3582(c)(2)" is "to impose the sentence the defendant would have received if the revised Guidelines had applied at the time of [the defendant's] sentencing." *United States v. Lopez*, 989 F.3d 327, 338 (5th Cir. 2021). When Streeter was sentenced, the Court first calculated what it thought was an appropriate sentence under the law without consideration of any substantial assistance provided. The Court decided on the applicable mandatory minimums—120 months on Counts 1 and 6 and a consecutive 60 months on Count 8. Even if the Court had thought that was too high, that was the lowest sentence it could impose absent consideration of substantial assistance. The Court then granted, per the Government's motion, a reduction of that sentence to account for Streeter's substantial assistance. 18 U.S.C. § 3553(e) only provides the Court authority to "impose a sentence below a level established by statute as a minimum sentence *so as to reflect a defendant's substantial assistance*." 18 U.S.C. § 3553(e) (emphasis added). The Court cannot

reduce a defendant's sentence below the mandatory minimum to account for anything else. *See United States v. Spann*, 682 F.3d 565, 566 (7th Cir. 2012).

Granting a reduction in this case would create an unwarranted sentencing disparity between Streeter and someone in his circumstances sentenced today. If sentenced today, Streeter's Guidelines range would still start at 120 months. Nothing about the fact that Streeter's criminal history category would be different now would change that. And because the Court already found that the low end of the Guidelines range was the most appropriate starting point for considering substantial assistance, there is nothing about the fact that the Guidelines range would be further restricted to 120 to 121 months that would result in a lower sentence for Streeter. If sentencing Streeter today, the Court would not be permitted to use the Guidelines range without application of §§ 5G1.1 and 5G1.2 as § 1B1.10(c) allows a court to do when considering a motion for a sentence reduction. *See Koons*, 584 U.S. at 707–08 (reasoning that the Court's holding that a defendant whose mandatory minimum sentence is above the high end of the otherwise applicable guideline range is not sentenced based on the Guidelines avoids sentencing disparities because "[i]dentically situated defendants sentenced today may receive the same sentences as petitioners received"). Accordingly, the Court exercises its discretion to deny Streeter's request for a reduction.

**CONCLUSION**

Accordingly, Defendant Markeise Romel Streeter's *pro se* motion for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, ECF No. 223, is MOOT; his sealed Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821, ECF No. 254, is DENIED; and the Government's Motion to File Under Seal, ECF No. 260, is GRANTED.

Entered this 29th day of October, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE